UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BARNO,<br><br>    Plaintiff,<br><br>v.<br><br>C. FRAZIER, et al.,<br><br>    Defendants. | Case No. 1:18-cv-01387-LJO-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AS BARRED BY RES JUDICATA<br><br>(ECF NO. 1) |

Rodney Barno ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On October 9, 2018, Plaintiff filed the complaint commencing this action. (ECF No. 1). Plaintiff alleges that he was issued a false Rule Violation Report ("RVR") for delaying a peace officer in the performance of his duty by refusing to accept a compatible cellmate. Plaintiff was denied due process because Defendants did not follow their rules and procedures. Plaintiff was found guilty of the RVR by defendant Frazier on March 5, 2016.

The Court has reviewed Barno v. Lopez, E.D. CA, Case Number 1:16-cv-00576. Plaintiff asserted a claim based on the same allegedly false RVR, including allegations that C. Frazier found Plaintiff guilty of the false RVR on March 5, 2016, and that defendant Frazier violated Plaintiff's due process rights. On July 7, 2017, Plaintiff voluntarily dismissed Case No. 1:16-cv-00576 with prejudice, and the case was closed. (Case No. 1:16-cv-00576, ECF Nos. 23 & 24).

1

It appears from this Court's review of the two cases that Plaintiff already filed an action challenging the false RVR, which he dismissed with prejudice.

Plaintiff is thus ordered to show cause why Plaintiff's complaint in this case should not be dismissed as barred by the doctrine of *res judicata*. Plaintiff must file a response within thirty days. If Plaintiff fails to file a response, this Court will recommend to the assigned district judge that Plaintiff's case be dismissed.

I.  **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 4), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff alleges that he was charged with an RVR for willfully delaying a peace officer in the performance of duty by refusing to accept a compatible cellmate in violation of 15 CCR § 3005(c). However, Plaintiff did not violate 15 CCR § 3005(c), and the charge was false.

Defendant Williams classified the RVR, and knowingly allowed the false charges to proceed. He also failed to follow fair procedures on giving adequate notice of the charges against Plaintiff, specifically because Plaintiff never refused to be housed or assigned.

Defendant Smith was the chief disciplinary officer on Plaintiff's RVR, and on March 22, 2016, authorized the charges to remain, even though Plaintiff was completely denied due process protections. Defendant Smith knew that defendant Williams denied Plaintiff documentary evidence and witnesses, and further permitted defendant Frazier to hear the matter and adjudicate guilt without fair procedures.

Defendant Tapia was the investigative employee assigned to assist Plaintiff. Defendant Tapia denied Plaintiff due process protections. He failed to interview witnesses for Plaintiff's defense. He waited for witnesses to transfer, making them unavailable for Plaintiff's investigation. Pursuant to regulations, he was supposed to pursue the witnesses even after they transferred, but he failed to do so. Additionally, instead of investigating and collecting evidence to help Plaintiff, he denied Plaintiff almost all his witnesses and evidence as "not relevant" because defendant Frazier advised him to, despite procedures that demand otherwise. Defendant Tapia was working with and for defendant Frazier, not for Plaintiff. Defendant Tapia also falsified documents to suggest Plaintiff did not request witnesses for the hearing, and lied by claiming "I have interviewed all witnesses" and "gathered all pertinent information."

Defendant Frazier was the lieutenant and senior hearing officer at the RVR hearing on or about March 5, 2016. Defendant Frazier failed to follow his own procedures in connection

3

with the RVR disciplinary process for Administrative Segregation Unit inmates. Defendant Frazier denied Plaintiff's requests for witnesses and documentary evidence thirty-one times as "not relevant." Defendant Frazier also interfered with Plaintiff's investigative employee by advising him to deny any and all requests as "not relevant." Defendant Frazier concedes he failed to follow his own procedures by depriving Plaintiff of an opportunity to present evidence in his defense, which would have demonstrated Plaintiff's safety concerns and precluded a finding of guilt. Defendant Frazier also lied in his report dated March 5, 2016, noting that Plaintiff did not request any witnesses.

Additionally, defendant Frazier retaliated against Plaintiff for filing an appeal by illegally adding more punishment. In doing so, defendant Frazier illegally altered documents, which he misdated.

## III. SUMMARY OF COMPLAINT IN CASE NO. 1:16-CV-00576

Plaintiff filed a First Amended Complaint in Case No. 1:16-cv-00576 on July 15, 2016. Among other claims, Plaintiff alleged that on March 5, 2016, defendant Frazier found Plaintiff guilty of a false disciplinary action, which Plaintiff appealed because of due process violations by defendant Frazier. Documents were then altered and falsified. The altered and falsified documents were misdated.

## IV. ANALYSIS

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.' Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim. By preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate, these two doctrines protect against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." Taylor v. Sturgell, 553 U.S.

880, 892 (2008) (alterations in original) (footnote omitted) (citations and internal quotation marks omitted).

"The elements necessary to establish [claim preclusion] are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.2d 1064, 1077 (9th Cir. 2003)). "[T]he doctrine of *res judicata* (or claim preclusion) 'bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action.'" Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting Ross v. IBEW, 634 F.2d 453, 457 (9th Cir. 1980).

It appears that Plaintiff is once again challenging the same allegedly false RVR and subsequent hearing, which lacked due process protections. As it appears that Plaintiff already brought an action based on these allegations, and as that action was voluntarily dismissed with prejudice, the Court will order Plaintiff to show cause why this action should not be dismissed as barred by *res judicata*.[1]

## V.    CONCLUSION AND ORDER TO SHOW CAUSE

It appears that the claims in this case are barred by *res judicata* because the claims have already been asserted against in Case No. 1:16-cv-00576, which Plaintiff voluntarily dismissed, with prejudice.

Accordingly, IT IS ORDERED THAT Plaintiff has thirty days from the date of this

---

[1] While the Court will not address the issue at this time, the Court notes that Plaintiff's case may be barred by the favorable termination rule laid out in Heck v. Humphrey, 512 U.S. 477 (1994). "[C]hallenges to disciplinary proceedings are barred by *Heck* only if the § 1983 action would be 'seeking a judgment at odds with [the prisoner's] conviction or with the State's calculation of time to be served.'" Nettles v. Grounds, 830 F.3d 922, 928-29 (9th Cir. 2016) (*en banc*) (quoting Muhammad v. Close, 540 U.S. 749, 754-55 (2004)). "[T]he applicability of the favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003). Accord Nettles, 830 F.3d at 929 ("If the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983."). "In evaluating whether claims are barred by *Heck*, an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" Cunningham v. Gates, 312 F.3d 1148, 1153–54 (9th Cir. 2002) (quoting Heck, 512 U.S. at 487).

order to show cause why this case should not be dismissed as barred by *res judicata*.

If Plaintiff fails to file a response, this Court will recommend to the assigned district judge that Plaintiff's case be dismissed.

IT IS SO ORDERED.

Dated: **February 21, 2019**          /s/ Eric P. Grosj_____
                                         UNITED STATES MAGISTRATE JUDGE